UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00509-GNS

YUNIESKY GONZALES SANTANA PETITIONER

v.

MIKE LEWIS, Jailer, Hopkins County Jail;
SAM OLSON, FOD, ICE Chicago;
TODD LYONS, Acting Director ICE;
KRISTI NOEM, SEC DHS; and
PAMELA BONDI, US AG RESPONDENTS

**ORDER**

This matter is before the Court on Petitioner's *pro se* Second Petition for Writ of Habeas Corpus (DN 1). On July 16, 2026, the Court denied the first petition in *Santana v. Warden*, No. 4:26-CV-359.

In the present Petition, Petitioner Yuniesky Gonzales Santana ("Santana"), asserts that "Respondents have not produced concrete evidence establishing a significant likelihood that his removal to Mexico or another country will occur in the reasonably foreseeable future." (Pet't'rs Mem. Supp. Pet. 1, DN 1-1). He asserts that his continued detention violates Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Pet. 6-7, DN 1).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Contrary to Santana's assertion above, Santana bears the burden of proving by a preponderance of the

evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

The record reflects that the Second Petition should also be denied. Respondents have produced a document reflecting Santana refusal to acknowledge the intention of Immigration and Customs Enforcement to remove him to Mexico. (Resp'ts' Resp. Show Cause Order Ex. 1, at 1, DN 10-1). Because Santana has failed to cooperate in signing the necessary paperwork relating to his removal to Mexico, 8 U.S.C. § 1231(a)(1)(C) permits the extension of his detention under these circumstances. Therefore, Santana has not met his burden of showing that there is a good reason to believe there is no significant likelihood of removal in the foreseeable future.

Accordingly, **IT IS HEREBY ORDERED** that the Second Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
September 1, 2026

cc: counsel of record
Petitioner, *pro se*